**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
ROLAND J. DE FRIES           :    Civ. No. 3:20CV01882(MPS)
                             :
                             :
v.                           :
                             :    May 11, 2021
WELLS FARGO BANK, N.A.       :
                             :
-----------------------------x
```

**INITIAL REVIEW ORDER**

This matter is before the Court on an initial review of the Complaint filed by self-represented plaintiff Roland J. De Fries ("plaintiff") [Doc. #2]. The Complaint brings common law and statutory claims related to the alleged loss and destruction of plaintiff's personal property in connection with the foreclosure on his home. For the reasons set forth herein, the Court will permit the Complaint to proceed to service of process.

**I.   Background**

Plaintiff filed the Complaint in the United States District Court for the Southern District of New York on December 2, 2020. See Doc. #2. On December 7, 2020, that court "conclude[d] that it is in the interest of justice to transfer this diversity action to the United States District Court for the District of Connecticut." Doc. #3 at 3. The matter was thereafter transferred to this District. See Doc. #4. On April 22, 2021,

the case was referred to the undersigned for an initial review of the Complaint. See Doc. #16.

Plaintiff brings this diversity action against Wells Fargo Bank, N.A. ("Wells Fargo" or "defendant"), for claims related to the loss of his personal property as a result of the foreclosure of his home in Litchfield County, Connecticut. See Doc. #2 at 3-5. Plaintiff alleges that Wells Fargo initiated foreclosure proceedings on his home ("the Residence") on April 18, 2013. See id. at 8. Sometime in 2016 plaintiff was involved in an accident, "which resulted in [his] temporary relocation to Manhattan due to extensive medical treatment[.]" Id. Accordingly, plaintiff stopped living at the Residence and only occasionally visited the Residence. See id. at 8-9.

Plaintiff contends that in 2017 and 2018, while he still held title to the Residence, the defendant took a series of actions that resulted in the destruction and/or removal from the Residence of all of plaintiff's possessions. See id. at 9-10, 15-18. Specifically, plaintiff alleges that the Residence "was ransacked[] ... by the hands of what is Wells Fargo's 'Home Preservation Specialists[.]'" Id. at 9 (sic). He further asserts: "Wells Fargo Bank, the Defendant, authorized [a real estate] broker to 'show' my property without my knowledge or authorization, and ... hired an individual to access the property to 'winterize.'" Id. at 10. Plaintiff claims that

individuals hired by defendant destroyed or removed all of
plaintiff's belongings, or caused his belongings to be destroyed
or removed, and that defendant "failed to take action to
prohibit the pillaging of my property." Id. at 18. Plaintiff
further contends that after the foreclosure sale, which occurred
on December 4, 2018, see id. at 14, "Wells Fargo was required to
allow me access to my home to retrieve my possessions[,]" but
instead "actively obstructed all of attempts to find out about
the status of my belongings, and when and where to retrieve
them." Id. at 19 (sic).

Plaintiff asserts that defendant "has severely harmed me by
damaging, stealing, removing, and otherwise interfering with my
personal property: At the hand of the Defendant, ALL of my life
possessions were lost." Id. at 4. The Complaint states that
defendant is "guilty" of:

> (1) Breach of contract, (2) Unfair practice, (3) Breach
> of implied covenants, (4) Negligent hiring and
> supervision, (5) Fraudulent misrepresentation or
> consealment, (6) Negligent misrepresentation or
> consealment, (7) Breach of CUTPA, (8) Deceptive acts,
> (9) Causing severe mental and physical harm, and (10)
> Violation of my rights under the Americans with
> Disabilities Act[.]

Id. (sic).

Plaintiff seeks "monetary relief for damages suffered, loss
of property stolen or damaged, injuries suffered, life
opportunities lost, various interference and inconveniences,

3

strains and damages, and time spent, now and in the future[.]"
Id. at 5. Plaintiff estimates the value of his lost property is
$400,000. See id. at 24-25. He seeks an additional $2,065,557.50
in "[o]ther charges accrued as a direct result of the
Defendant's actions[]" and "[m]onetary relief for injuries and
harm suffered[.]" Id. at 26-27.

## II.   **Standard of Review Under §1915**

The determination of whether an in forma pauperis plaintiff
should be permitted to proceed under 28 U.S.C. §1915 involves
two separate considerations. The Court must first determine
whether the plaintiff may proceed with the action without
prepaying the filing fee in full. See 28 U.S.C. §1915(a). The
Court has already addressed that issue. See Doc. #17. Second,
section 1915 provides that "the court shall dismiss the case at
any time if the court determines that" the case "is frivolous or
malicious" or "fails to state a claim on which relief may be
granted[.]" 28 U.S.C. §§1915(e)(2)(B)(i),(ii). In the interest
of efficiency, the Court reviews complaints under these
provisions shortly after filing to determine whether the
plaintiff has stated a cognizable, non-frivolous claim.

To state a claim, a complaint must plead enough facts to
state a claim that is "plausible on its face." Bell Atl. Corp.
v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial
plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." <u>Ashcroft v.
Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted). At this
stage, "the court must accept the material facts alleged in the
complaint as true and construe all reasonable inferences in the
plaintiff's favor." <u>Hernandez v. Coughlin</u>, 18 F.3d 133, 136 (2d
Cir. 1994) (citation omitted).

     The Court liberally construes complaints filed by self-
represented plaintiffs. <u>See</u> <u>McLeod v. Jewish Guild for the
Blind</u>, 864 F.3d 154, 156-57 (2d Cir. 2017). "The policy of
liberally construing <u>pro</u> <u>se</u> submissions is driven by the
understanding that implicit in the right to self-representation
is an obligation on the part of the court to make reasonable
allowances to protect <u>pro</u> <u>se</u> litigants from inadvertent
forfeiture of important rights because of their lack of legal
training." <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007)
(citation and quotation marks omitted).

## III. <u>Discussion</u>

     The Complaint makes various allegations related to the
foreclosure of plaintiff's Residence. <u>See</u> <u>generally</u> Doc. #2. The
Court writes to make clear that, if, by this Complaint,
plaintiff seeks to contest the underlying foreclosure judgment,
the Court lacks jurisdiction to hear such a claim. "[C]ourts in
this Circuit consistently find that a plaintiff who lost

possession of his home in a state court foreclosure proceeding
is barred by the Rooker-Feldman doctrine from attacking the
state court judgment in federal district court." Sirois v.
Deutsche Bank Nat'l Tr. Co., No. 3:18CV00113(SRU)(WIG), 2018 WL
4372939, at *2 (D. Conn. May 10, 2018), report and
recommendation adopted, 2018 WL 4372725 (D. Conn. June 12,
2018). Indeed, the Second Circuit has repeatedly confirmed that
federal district courts generally lack jurisdiction over
foreclosure actions under various jurisdictional and abstention
doctrines. See, e.g., Gonzalez v. Deutsche Bank Nat. Trust Co.,
632 F. App'x 32 (2d Cir. 2016) (summary order).

Here, the Complaint states that defendant initiated
foreclosure proceedings on the Residence in April, 2013, in "the
Litchfield Superior Court," Doc. #2 at 8, and that a final
foreclosure sale was held on December 4, 2018. See id. at 14. It
therefore appears that the foreclosure of the Residence resulted
from the final judgment of a state court. Under the Rooker-
Feldman doctrine, federal district courts lack jurisdiction to
review final state court judgments such as a foreclosure. See
Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); see also
Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d
Cir. 2005).

However, the Court construes the Complaint as not
challenging the foreclosure itself, but rather the alleged loss

and destruction of plaintiff's personal property in connection
with the foreclosure proceedings. See Doc. #2 at 17 ("[T]he
damages and injuries and losses suffered by the Defendant's hand
have virtually nothing to do with the foreclosure proceedings
itself."); see also id. at 18 ("Wells Fargo is guilty of willful
negligence and inaction that directly lead to the damages and
harm inflicted upon me and my property. I am not using the word
property to mean the address of [the Residence], rather property
in the sense of my belongings[.]").

Accordingly, the Court considers whether plaintiff's
Complaint may proceed on the limited theory that defendant is
liable for the loss and destruction of plaintiff's personal
property. Plaintiff has not separately enumerated each element
of each of the ten claims he asserts in the Complaint. However,
he has alleged, inter alia: that he entered into a mortgage
agreement with defendant in 2011, see Doc. #2 at 7; that
defendant's "actions and inactions" in the course of the
foreclosure process caused him damage beyond the foreclosure
itself, id. at 15; that defendant hired "Home Preservation
Specialists" who "did not do the work they were getting paid to
do but rather gain[ed] access to the property," and "destroy[ed]
and damage[ed] [plaintiff's] home and valued possessions," id.
at 16; that defendant "authorized [a] broker to 'show' my
property without my knowledge or authorization, and ... hired an

7

individual to access the property to 'winterize[,]'" id. at 10;
and that defendant's conduct caused him severe emotional
distress, see id. at 15, 27-28.

In sum, the Complaint alleges that Wells Fargo's deliberate
actions and negligence "directly lead to the damages and harm
inflicted upon" plaintiff. Id. at 18. Construing the Complaint
generously, as is required, the Court finds the allegations
sufficient to permit the Complaint to proceed to service of
process.

The Court notes that by permitting the Complaint to proceed
to service, it makes no finding that plaintiff has adequately
alleged all elements of all of the claims set forth in the
Complaint. See Doc. #2 at 4. Rather, the Court finds only that
sua sponte dismissal is not appropriate at this time. The Court
further notes that several of the claims alleged in the
Complaint are subject to three-year statutes of limitations.
See, e.g., Conn. Gen. Stat. §52-577 ("No action founded upon a
tort shall be brought but within three years from the date of
the act or omission complained of."); Conn. Gen. Stat. §42-
110g(f) (Actions under CUTPA "may not be brought more than three
years after the occurrence of" the violation.); Richter v.
Connecticut Jud. Branch, No. 3:12CV01638(JBA), 2014 WL 1281444,
at *10 (D. Conn. Mar. 27, 2014), aff'd, 600 F. App'x 804 (2d
Cir. 2015) (applying three-year statute of limitations for tort

8

claims under Connecticut law to ADA claims); Einbinder & Young, P. C. v. Soiltesting, Inc., 418 A.2d 95, 96 (Conn. Super. Ct. 1980) (applying three-year statute of limitations for tort actions to fraud claims). Many of the factual allegations in the Complaint relate to events that occurred in 2016 and 2017. See Doc. #2 at 7-14. Thus, it is possible that some of plaintiff's claims may be time-barred. The Court makes no finding, at this point, regarding this issue.

IV.  **Conclusion**

For the reasons set forth herein, the Court finds that the Complaint [Doc. #2] may proceed to service of process. The Clerk of Court shall provide the service packet to plaintiff so that plaintiff may take the appropriate steps to effect service.

It is so ordered at New Haven, Connecticut, this 11th day of May, 2021.

  /s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
