UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROLAND J. DE FRIES,

    *Plaintiff*,

v.

WELLS FARGO BANK, N.A.,

    *Defendant*.

No. 3:20-cv-01882 (MPS)

**RULING ON PENDING MOTIONS**

Plaintiff Roland J. De Fries, who is proceeding *pro se*, brought this action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), alleging common law and statutory claims arising from the alleged loss and destruction of De Fries's personal property in connection with the foreclosure on his home. ECF No. 2. Wells Fargo moves to dismiss the Complaint for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(5). ECF No. 24. In response, De Fries filed (1) an opposition to the motion to dismiss, (2) a motion to amend, and (3) a motion for extension of time to effect service. ECF Nos. 29, 30, 33. De Fries also moves to appoint counsel. ECF No. 34. For the reasons below, the Court denies Well Fargo's motion to dismiss and grants De Fries's motion for extension of time to effect service. The Court also grants in part and denies in part the motion to appoint counsel and denies the motion to amend the complaint and motion to request service of summons.

**I.    FACTUAL BACKGROUND**

De Fries filed this action against Wells Fargo on December 2, 2020. ECF No. 2. On May 11, 2021, then-Magistrate Judge Sarah A. L. Merriam granted De Fries's motion for leave to proceed *in forma pauperis*, ECF No. 17, and issued an Initial Review Order, permitting De

1

Fries to proceed to service of process and ordering the Clerk's Office to provide the service packet to De Fries. ECF Nos. 17, 18. The Clerk's Office then sent the USM 28 forms, the Notice of Lawsuit/Request for Waiver of Service of Summons, and all associated instructions to De Fries.[1] ECF No. 20.

According to De Fries, on May 24, 2021, he mailed to the Clerk's Office the following: the Complaint, the Initial Review Order, USM Form 285 Process Receipt and Return, Order on Pretrial Deadlines, Electronic Filing Order, Standing Protective Order, Waiver of Service of Summons (Form AO399), and a Notice of Lawsuit and Request for Waiver of Service of a Summons (Form AO398). ECF No. 29-1 at 3–4. De Fries claims that he called the Clerk's Office on May 24, 2021 and "learned that in fact all forms and papers were included and that nothing was missing." *Id.* at 4. Then on May 26, 2021, the Clerk's Office sent the "USM 285 forms together with Notice of Lawsuit/Request for Waiver of Service, Complaint, OSC, OPTD, Order granting IFP" to the U.S. Marshals for service on Wells Fargo.[2] On June 16, 2021, De Fries states that he called the Clerk's Office to "inquire about the service" but was told that due to COVID-19, service was delayed and that he would "eventually receive notice in the mail." ECF No. 29 at 9.

On August 3, 2021, the Court noted that De Fries had "not taken any action in this case since filing the Complaint and a Motion for Leave to Proceed In Forma Pauperis on March 29,

---

[1] The Guide for Self-Represented Litigants describes the procedure for service. United States District Court, District of Connecticut, *Guide for Self-Represented Litigants* (Mar. 7, 2022), available at https://www.ctd.uscourts.gov/sites/default/files/forms/Guide-for-Self-Represented-Litigants-revised-3-7-2022.pdf (hereinafter "*Guide*"). The Guide states that if a defendant is an individual, the Federal Rules of Civil Procedure permits the plaintiff to request that the defendant waive personal service but that any defendant who declines to waive service must be personally served. *Guide*, at 8. Further, the Guide states that to personally serve a defendant, the plaintiff "must first obtain a summons form from the court, complete the form and have the summons issued by the Clerk's Office." *Id.* at 9. The form that the Clerk's Office requires for a summons in a civil action is Form No. 440, which is found at https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/summons-civil-action.

[2] This event was docketed but there is no associated ECF number with this entry.

2

2021" and ordered him to "show cause by August 24, 2021 why this case should not be dismissed for failure to procedure under Local Rule 41(a)." ECF No. 21. On August 5, 2021, the Clerk's Office filed a certificate of service that indicated that the "Complaint and waiver of service packet" were served on Wells Fargo on June 1, 2021. ECF No. 22. According to De Fries, he called the Clerk's office on August 9, 2021 to ask about the order to show cause and the date of service. ECF No. 29 at 2. On August 12, 2021, the Court noted that De Fries had filed a certificate of service and ordered that Wells Fargo "shall file an appearance and respond to the complaint within 21 days of receipt of the order." ECF No. 23.

## II.     DISCUSSION

On September 14, 2021, Wells Fargo filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), arguing that De Fries's "process is insufficient because he did not serve a summons on Wells Fargo" and that De Fries "never even requested a summons from the Court." ECF No. 24 at 1 (emphasis omitted). Further, Wells Fargo states that it "did not execute and return the service waiver," and, thus, has not waived service. *Id.* (emphasis omitted). De Fries filed an opposition to the motion to dismiss, ECF No. 29, and a motion to amend his complaint to "add the Summons which [has] not been served on the Defendant yet," ECF No. 30 at 1. Wells Fargo argues that the motion to amend should be denied "because it is futile where Plaintiff is not actually seeking to amend his Complaint." ECF No. 31 at 1. De Fries also moves for an extension of time to effect service of the summons, ECF No. 33, and for appointment of counsel, ECF No. 34.

### A.  Issues with Service

Under Federal Rules of Civil Procedure 4, a plaintiff is required to serve a summons along with a copy of the complaint on the defendant "within the time allowed under Rule 4(m)."

Fed. R. Civ. P. 4(c).  Further, the plaintiff must effect proper service on a defendant within 90 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  If the plaintiff fails to properly serve the defendant, a "court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*

A "court must extend the time for service," however, "if the plaintiff shows good cause for the failure" to properly serve the defendant.  *Id.*  "Good cause is generally limited to exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control."  *Jones v. Westchester Cty.*, No. 14-CV-9803 (KMK), 2018 WL 6726554, at *3 (S.D.N.Y. Dec. 21, 2018) (internal quotations marks and brackets omitted).  "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay. …That is, courts generally consider three factors ...: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an extension of time to serve."  *Id.* (internal quotations marks, brackets, and citations omitted).  "A party seeking a good cause extension bears a heavy burden of proof."  *Naglieri v. Valley Stream Cent. High Sch. Dist.*, No. CV 05-1989 (TCP), 2006 WL 1582144, at *2 (E.D.N.Y. May 26, 2006) (citation omitted).  "Plaintiff's ignorance of the rules, inadvertence or mistake do not constitute good cause."  *Id.* (internal quotation marks and citation omitted).  In the context of *pro se* plaintiffs, ignorance of the law still does not constitute good cause under Rule 4(m) but district courts have an "obligation ... to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *G4 Concept Mktg., Inc. v.*

4

*MasterCard Int'l*, 670 F. Supp. 2d 197, 199 (W.D.N.Y. 2009) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)).

Even if a plaintiff fails to show good cause, "district courts may exercise their discretion to grant extensions under Rule 4(m) … under certain circumstance." *Zapata v. City of New York*, 502 F.3d 192, 193 (2d Cir. 2007). "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

De Fries has not shown good cause for an extension of time under Rule 4(m) but the Court finds that an extension is still warranted and, therefore, denies Well Fargo's motion to dismiss for insufficient service of process. De Fries argues that the delay in service "is due to the confusion that abounds across the various entries, missing entries, delayed entries and failures to inform or follow up — the pandemic we were all facing." ECF No. 33 at 4. De Fries lists the materials that he mailed back to the Clerk's Office—which includes a USM Form 285, various orders issued by the Court, a Waiver of Service of Summons, and a Notice of Lawsuit and a Request for Waiver of Service of Summons—and details his efforts to follow-up with the Clerk's Office. In his motion for leave to file an amended complaint, De Fries seeks to add a completed form for a summons, which he admits has "not been served on [Wells Fargo] yet." ECF No. 30 at 1. Thus, De Fries does not appear to dispute that he did not submit the requisite form to request a summons from the Clerk's Office. De Fries fails to address why he did not include a

request for a summons in the materials that he mailed to the Clerk's office in May of 2021. To the extent that he argues that his failure to request a summons was due to inadvertence, mistake, or ignorance of the law, as discussed above, those reasons do not constitute "good cause." Therefore, De Fries fails to show good cause for an extension of time for service under Rule 4(m).

After considering the factors for a discretionary extension of time to effect service, however, the Court finds that an extension is warranted even in the absence of good cause. First, the applicable statute of limitations may bar the action if De Fries has to refile it. As noted in the Initial Review Order, "several of the claims alleged in the Complaint are subject to three-year statutes of limitations" and "[m]any of the factual allegations in the Complaint relate to events that occurred in 2016 and 2017." ECF No. 18 at 8–9. The Court made "no finding [in the Initial Review Order] … regarding [the statute of limitations] issue," but states that "it is possible that some of the plaintiff's claims may be time-barred." *Id.* at 9. If the Court now dismisses without prejudice De Fries's Complaint and he refiles it, it is likely that his claims—even those arising from the latest alleged events in 2017—will be time-barred. Second, Wells Fargo appears to have "actual notice" of De Fries's claims because the Complaint was included in the package delivered to Wells Fargo on June 1, 2021. *See* ECF No. 24-1 at 3 (Wells Fargo stating that "Complaint, Notice, and Waiver" were sent to it); ECF No. 24-3 (copy of the package delivered to Wells Fargo). Wells Fargo received this package only a few weeks after the Court issued its Initial Review Order, permitting the plaintiff to proceed with service of process, ECF No. 18 at 1. Third, there is no evidence that Wells Fargo "attempted to conceal the defect in service." To the contrary, Wells Fargo filed this motion pointing out the defect. And fourth, Wells Fargo does not indicate nor argue how it would be prejudiced by extending De Fries's time for service,

and the Court does not find any evidence of such prejudice.  These factors weigh in favor of granting an extension of time to effect service because (1) De Fries would be prejudiced if he has to refile this case, (2) Wells Fargo has not shown that it would be prejudiced by such an extension of time, and (3) Wells Fargo received notice of the claims in the Complaint as of June 1, 2021.

### B. *Motion for Appointment of Counsel*

Although the Court is unable to determine whether the case has "some likelihood of merit," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989), the Court finds that it will expedite this case, and is thus in the interests of justice, to appoint pro bono counsel for the limited purpose of properly serving the defendant.  Therefore, the Clerk shall appoint pro bono counsel for the limited purpose of properly serving the defendant.  Appointed counsel shall, within 14 days of this appointment, file an appearance, confer with the plaintiff, and make arrangements to serve the defendant.  Appointed counsel shall complete service of the defendant and file proper proof of service on the docket, *see* Fed. R. Civ. P. 4, within 45 days of this order.  Once counsel has done so, the Court will terminate counsel's appearance and De Fries will be responsible for prosecuting this case, unless appointed counsel files a statement indicating he or she wishes to remain in the case as plaintiff's counsel.  The Court therefore grants in part and denies in part the motion for appointment of counsel.

### III.  CONCLUSION

The Court concludes that an extension of time to effect service is warranted even absent a showing of good cause.  Therefore, the Court DENIES Well Fargo's motion to dismiss (ECF No. 24) and GRANTS De Fries's motion for extension of time for service (ECF No. 33).  The motion to amend the complaint to include a summons (ECF No. 30) and the motion to request service of

summons (ECF No. 32) are DENIED.  The motion to appointed counsel (ECF No. 34) is GRANTED in part and DENIED in part.

                                          IT IS SO ORDERED.

                                          /s/
                                     Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        April 6, 2022